**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ALIU BASHKIM<br>*Plaintiff*,<br><br>v.<br><br>CARLOS CONTRERAS AND ASAP TRANS CORP.<br>*Defendant.* | 3:24-cv-311 (OAW) |

**ORDER DISPOSING OF MOTIONS IN LIMINE**

**This action** is before the court upon Defendants' three motions in limine. ECF Nos. 64–66. Plaintiff filed objections to each of Defendants' motions. ECF Nos. 69–71. There were no replies filed. Having carefully reviewed them, the court rules as follows.

## I. BACKGROUND[1]

On or about September 13, 2023, at approximately 9:24 p.m., Plaintiff was the operator of a vehicle traveling on Interstate 84 West in the right lane of three prior to Exit 30, in the Town of Southington. ECF No. 1-2, ¶ 4. At the same time and place, Defendant Carlos Contreras ("Contreras") was the operator of a tractor-trailer also traveling west in the center lane. *Id.* ¶ 5. Defendant, suddenly and without warning, attempted to merge into the right lane from the center lane causing the tractor-trailer he was operating to violently strike the side of Plaintiff's vehicle. *Id.* ¶ 6.

[1] All the following facts are derived from Plaintiff's complaint and as such are allegations.

Plaintiff alleges he suffered injuries as a result of the collision including cervical sprain/strain, bilateral upper extremity pain, left shoulder sprain/strain, thoracic sprain/strain, lumber sprain/strain, lumber radiculopathy, bilateral lower extremity pain, pelvic pain, and abdominal pain, and also that some or all of those injuries, or the effects thereof, are permanent in nature. *Id.* ¶ 11.

Additionally, Plaintiff alleges that as a result of the collision he has experienced and will continue to experience in the future, pain and suffering, an increased likelihood of future medical treatment and/or disorders, apprehension of such future medical treatment and/or disorders, fear, medical expenses, a reduced ability to pursue and enjoy life's leisure activities, and loss of income. *Id.* ¶ 12–15.

Plaintiff filed the instant action in Connecticut Superior Court on February 5, 2024. *Id.* Defendants removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 on March 7, 2024. ECF No. 1.

Plaintiff asserts one claim against Mr. Contreras: negligence (Count One), and one claim against ASAP Trans Corp. ("ASAP"): vicarious liability (Count Two). ECF No. 1-2. He is seeking monetary damages. *Id.*

Neither party submitted a dispositive motion, and the matter is now ready for trial. Jury selection is scheduled for October 15, 2026. ECF No. 62.

## II. <u>LEGAL STANDARD</u>

It is well-settled that federal district courts have inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Part of managing trials is addressing evidentiary issues through motions in limine "to aid the trial process by enabling the Court

to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). A ruling on a motion in limine is subject to change as the case unfolds at trial, particularly if the actual evidence offered differs from what was contained in the original proffer. *Luce*, 469 U.S. at 41–42. "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id.*

"Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Byrne v. Yale Univ., Inc.*, No. 17-CV-1104, 2020 WL 5258998, at *2 (D. Conn. Sept. 3, 2020) (citing *Levinson v. Westport Nat. Bank*, No. 09-CV-1955, 2013 WL 3280013, at *3 (D. Conn. June 27, 2013)). "Evidence is relevant if it 'has *any* tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" *United States v. Skelos*, 988 F.3d 645, 663 n.88 (2d Cir. 2021) (quoting Fed. R. Evid. 401). The "standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985) (quoting *Carter v. Hewitt*, 617 F.2d 961, 966 (3d Cir. 1980)). But relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. <u>DISCUSSION</u>

**A. <u>Expert Testimony</u>**

Defendants' move to exclude six doctors from offering opinions and conclusions about diagnosis, prognosis, causation, and future treatment on the grounds that Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(B). ECF No. 64. Alternatively, if Plaintiff's experts are offered as treating physicians, Defendants move to limit the testimony and opinions to their actual treatment of Plaintiff. *Id.* The doctors in question are:

- Dr. Jeffrey Bash, Orthopedic Spine Surgeon Middlesex Orthopedic & Spine Associates
- David Brandes M.D. – Neurologist Hope Neurology/MS Center, Knoxville, TN
- Mayer Hasbani, M.D. – Neurologist Yale New Haven Health and Hasbani Neurology
- Sayid Azizi, MD
- Nadia Pare PhD – Gaylord Specialty Healthcare
- F. Peter Zilahy, DC – Zilahy Chiropractic

Federal Rule of Evidence 702 permits a qualified expert ("expert witness") to provide expert testimony in the form of an opinion. Rule 26(a)(2) requires a party to disclose to the other parties the identity of an expert witness it may use at trial, and the "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case[.]" Fed. R. Civ. P. 26(a)(2)(B).[2] Moreover, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P.

[2] The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

26(a)(2)(D). Any party who "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Treating physicians can provide expert testimony without providing the written report required by Rule 26(a)(2)(B) if they were not "retained or specifically employed to provide expert testimony in the case." *Barack v. Am. Honda Motor Co.*, 293 F.R.D. 106, 108 (D. Conn 2013) (first quoting Fed. R. Civ. P. 26(a)(2)(B); and then collecting cases). Instead, a treating physician's disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Because treating physicians are not required to provide the written report required by Rule 26(a)(2)(B), they are limited in the testimony they may present. *Barack*, 293 F.R.D. at 109. "[T]reating physicians are 'permitted to offer opinion testimony on diagnosis, treatment, prognosis and causation, but *solely* as to the information he/she has acquired through observation of the Plaintiff in his/her role as a treating physician limited to the facts in Plaintiff's course of treatment.'" *Id.* (quoting *Spencer v. Int'l Shoppes, Inc.*, No. CV 06-2637, 2011 WL 4383046, at *4 (E.D.N.Y. Sept. 20, 2011)). It follows that,

> "[A] treating physician . . . who has not complied with the reporting requirement of Rule 26(a)(2)(B) . . . should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records." *Lamere v. N.Y. State Office for the Aging,* 223 F.R.D. 85, 89 (N.D.N.Y.2004). "[I]f a treating physician is called upon to review . . . [any] materials outside the four corners of her medical records

> and to opine greater than what is reflected in those medical records, we then would be of the view that such treating physician now falls with[in] the parameters" of Rule 26(a)(2)(B) and a written expert report would be required. *Id.* at 89 n. 4. Thus, "the treating physician may not introduce information provided by other physicians to whom the Plaintiff may have been referred nor may the doctor present any medical reports received from other physicians regarding the Plaintiff or opine on any information provided by another doctor." *Spencer,* 2011 WL 4383046, at *4. A treating physician who was not designated as an expert witness and failed to prepare the necessary expert report is prohibited from testifying "concerning opinions not gleaned from his own diagnoses and treatment of the plaintiff." *Franz v. New England Disposal Technologies, Inc.,* 2011 WL 5443856, at *3 (W.D.N.Y. Nov. 9, 2011).

*Id.*

***i. <u>Dr. Bash</u>***

Plaintiff disclosed Dr. Bash first as a treating physician on February 6, 2025, ECF No. 69-3, and then as a retained expert, on February 12, 2025. ECF No. 69-2. Defendants move to exclude Dr. Bash from testifying as a retained expert because Plaintiff did not provide Dr. Bash's expert report and CV until February 12, 2026, after the close of discovery and the expert report did not comply with Rule 26(a)(2)(B). ECF No. 64, at 6–8. Defendants contend that they were extremely prejudiced by these deficiencies because they were not afforded the opportunity to depose Dr. Bash as to the opinions contained in his expert report. *Id.* at 8.

Plaintiff correctly contends that he provided Dr. Bash's expert disclosure, purported written report, and CV to Defendants' counsel prior to the close of discovery. *See* ECF No. 69-2. Still, this disclosure may have come after Plaintiff's expert disclosure deadline. *See* ECF Nos. 31, 32.[3]

[3] On April 23, 2024, the court entered a scheduling order setting a deadline of **October 1, 2024,** for Plaintiff to designate all trial experts and to provide reports from retained experts, and a deadline of **December 31, 2024,** to complete depositions of those experts**.** *See* ECF Nos. 20, 21. Additionally, the scheduling order set **May 20, 2025,** as the deadline for completing all discovery and provided that all interim discovery

More concerning however is that Dr. Bash's "written report" does not comply with Rule 26(a)(2)(B). *See* ECF No. 69-2, at 5–11.[4] In fact, that document is not an expert report, but a letter sent from Dr. Bash to Plaintiff's attorney. *Id.* Moreover, the letter does not include, *inter alia*, a list of publications, a list of other cases in which Dr. Bash testified as an expert, a statement of compensation, or any exhibits. *Id.* Plaintiff did not address the inadequacy of this report in his objection nor provide any justification for the same. *See* ECF No. 69. Thus, Dr. Bash is barred from testifying as a retained expert witness.

Defendants seek also to exclude Dr. Bash from testifying as a treating physician because he was retained to provide expert testimony in the case. ECF No. 64, at 6. The Rule 26(a)(2)(C) disclosure of Dr. Bash states that his opinions were developed through his treatment of Plaintiff. ECF No. 69-3, at 5. The court cannot determine whether Dr. Bash was in fact retained for the purpose of testifying or not.

To the extent it comes to light that Dr. Bash, or any of Plaintiff's purported treating physicians were in fact retained to provide opinions based on Plaintiff's medical records, such witness's testimony may, in the court's discretion, be precluded for failure to provide an expert report. Thus, Dr. Bash may offer opinion testimony on diagnosis, treatment, prognosis and causation, but *solely* as to information he acquired through observation of Plaintiff in his role as a treating physician limited to the facts in Plaintiff's course of treatment.

---

deadlines could be amended by agreement of the parties without the court's approval provided those amendments did not delay the deadline for completion of all discovery. ECF No. 21. On September 6, 2024, Plaintiff filed a motion to extend the deadline to disclose expert witnesses to **January 31, 2025**. ECF No. 31. The court denied Plaintiff's motion as moot and reminded the parties that all interim discovery deadlines could be amended without the court's approval. ECF No. 32. The court cannot determine if the parties amended the disclosure and report deadline by agreement beyond **January 31, 2025.**

[4] Throughout this ruling, the court refers to pagination as supplied by the CM/ECF header, and not by any internal document contained therein.

***ii. <u>Dr. Hasbani</u>***

Plaintiff disclosed Dr. Hasbani first as a treating physician on February 6, 2025, ECF No. 69-3, and then as a retained expert, on February 10, 2025. ECF Nos. 69-1. Defendants likewise move to exclude Dr. Hasbani's testimony in its entirety on the same grounds as Dr. Bash. ECF No. 64, at 9.

Plaintiff correctly contends that he provided Dr. Bash's expert disclosure, purported written report, and CV to Defendants' counsel prior to the close of discovery. *See* ECF No. 69-1. Again, while prior to the discovery deadline, this potentially was provided after Plaintiff's expert disclosure deadline. *See* ECF Nos. 31 & 32.

And yet again, Dr. Hasbani's "written report" does not comply with Rule 26(a)(2)(B). ECF No. 69-1, at 5–10. That document is not an expert report, but a letter sent from Dr. Hasbani to Plaintiff's attorney. *Id.* Moreover, the letter does not include, *inter alia*, a list of other cases in which Dr. Hasbani testified as an expert, a statement of compensation, or any exhibits. *Id.* Plaintiff likewise did not address the inadequacy of this report in his objection nor provide any justification for the same. *See* ECF No. 69. Thus, Dr. Hasbani is barred from testifying as a retained expert witness.

Defendants seek also to exclude Dr. Hasbani from testifying as a treating physician because he was retained to provide expert testimony in the case. ECF No. 64, at 9. The Rule 26(a)(2)(C) disclosure of Dr. Hasbani states that his opinions were developed through his treatment of Plaintiff. ECF No. 69-3, at 4. The court cannot determine whether Dr. Hasbani was in fact retained for the purpose of testifying or not. Thus, Dr. Hasbani may offer opinion testimony on diagnosis, treatment, prognosis and causation,

but *solely* as to information he acquired through observation of Plaintiff in his role as a treating physician limited to the facts in Plaintiff's course of treatment.

***iii. __Treating Physicians__***

Plaintiff disclosed Dr. Brandes, Dr. Azizi, Dr. Pare, and Dr. Zilahy as treating physicians on February 6, 2025. ECF No. 69-3. Defendants move to preclude the testimony of Dr. Brandes, and Dr. Azizi, for failure to comply with Rule 26(a)(2)(B). ECF No. 64, at 8-10. Defendants allege these witnesses were retained to provide opinions and conclusions about diagnosis, prognosis, causation and future treatment, and relied upon Plaintiff's medical records to do so and thus were required to provide expert witness reports. *Id.*

Defendants similarly move to limit the opinions of Dr. Pare and Dr. Zilahy to the extent that they rely upon medical records review, because they did not provide a written report and thus, their opinions should be limited to their actual treatment of Plaintiff. *Id.* at 10–11.

Plaintiff's sole conclusory objection to this portion of the motion is that these witnesses' respective testimonies constitute "opinions formed during their treatment, including causation, severity, disability, permanency and future impairments, without the obligation to submit an expert report." ECF No. 69, at 2 (quoting *Valanzuolo v. City of New Haven*, No. 11 CV 1336, 2013 WL 1688874, at *2 (D. Conn. Apr. 18, 2013)).

With respect to the disclosure of Dr. Brandes, the court has concerns about whether Dr. Brandes was Plaintiff's treating physician, at all. *See* ECF No. 69-3, at 5–6. For example, the disclosure mentions the doctor's "*assessment* of treatment and tests *conducted on* [] Plaintiff," and "the results of an EEG *conducted on* [] Plaintiff," using the

passive voice to describe the doctor's *assessment* of treatment *conducted on* Plaintiff, thus creating uncertainty as to who *provided* such treatment. *Id.* at 6 (emphasis added).

In contrast, Dr, Azizi's disclosure explicitly states that his opinions were "developed through *his treatment* of [] Plaintiff." *Id.* at 3 (emphasis added). As does Dr. Pare's disclosure, *id.* at 2, and Dr. Zilahy's disclosure. *Id.* at 7.

The discovery deadline passed on May 20, 2025. *See* ECF No. 21. Over a year later, and on the eve of trial, Plaintiff still has not provided a straightforward summary of the facts and opinions to which Dr. Brandes is expected to testify. *See, e.g., Anderson v. E. CT Health Network, Inc.*, No. 12CV785, 2013 WL 5308269, at *1 (D. Conn. Sept. 20, 2013) (citing Fed. R. Civ. P. 26(a)(2)(C)(ii)); *Barack*, 293 F.R.D. at 110; *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, No. 11-CV-0445, 2013 WL 4046263, at *4-6 (E.D.N.Y. Aug. 8, 2013). Thus, Dr. Brandes is barred from testifying as an expert witness.

The court cannot determine whether Dr. Azizi was in fact retained for the purpose of testifying or not. Thus, the court denies the motion with respect to Dr. Azizi without prejudice to it being renewed later.

With respect to Dr. Pare and Dr. Zilahy, the court agrees with Defendants that these witnesses' testimonies must be limited to their firsthand knowledge arising from their respective treatments of Plaintiff and not based on outside sources. Nevertheless, at this juncture, it is unclear what evidence will be offered for admission, and Defendants do not seek to exclude any specific anticipated testimony. Thus, the court denies the motion with respect to Dr. Pare and Dr. Zilahy without prejudice to it being renewed later.

***iv. <u>Scope of Expert Testimony</u>***

Defendants move to exclude any witness's testimony to the extent that the witness is relying on medical records provided after the close of discovery that were dated prior to the close of discovery. ECF No. 64, at 11. Defendants contend that Plaintiff on numerous occasions provided medical records by way of supplemental discovery after the close of discovery. *Id.*

Plaintiff does not appear to dispute these allegations and instead resorts to the statement that "[m]edical records can sometimes be difficult to obtain." ECF No. 69, at 2. Nevertheless, the court cannot make this determination on the record before it as Defendants have not specified any specific medical records nor sought to exclude any specific anticipated testimony. Thus, the court denies this portion of the motion without prejudice to it being renewed later.

**B. <u>Liability</u>**

Defendants seek to exclude testimony or evidence related to liability. ECF No. 65. Specifically, Defendants contend that because they have admitted liability for the collision, any evidence that goes to liability has no probative value. *Id.* Plaintiff objects to the motion for lack of specificity and contends that details of the collision are relevant to the jury's assessment of damages. ECF No. 70.

The court agrees that Defendants fail to point to any specific evidence they wish to exclude. *See* ECF No. 65. Moreover, relevancy is not a stringent requirement and evidence of the details of the collision are certainly relevant to the jury's assessment of the nature and extent of Plaintiff's injury as well as the determination of damages. *See, e.g., Mahmood v. Narciso*, 549 F. App'x 99, 101-02 (3d Cir. 2013); *Frometa v. Diaz-Diaz*,

No. 07 CIV 6372, 2008 WL 4192501, at *5 (S.D.N.Y. Sept. 11, 2008). Thus, the court denies this motion without prejudice to it being renewed later.

### C. Future Medical Expenses and Lost Wages

Defendants seek to exclude any evidence of future medical expenses and lost wages on the grounds that Plaintiff has not disclosed or provided any admissible expert opinions or testimony that would support such evidence. ECF No. 66.

"A plaintiff may recover costs that are reasonable and necessary as a result of the injury, provided such expenses are supported by competent evidence." *Sarner v. Caldwell-Boyd*, No. 21-CV-987, 2025 WL 1712257, at *2 (D. Conn. Mar. 26, 2025) (citing *Peatie v. Wal-Mart Stores, Inc.*, 112 Conn. App. 8, 23 (2009)). And "[f]or lost wages, both past and future, an individual must demonstrate the amount of earnings lost as a direct result of the defendants' conduct with reasonable certainty." *Id.* (citing *Hicks v. State*, 287 Conn. 421, 463 (2008)).

Plaintiff contends he "provided Defendants with expert reports accounting for future medicals." ECF No. 71, at 1 (citing ECF Nos. 69, 69-1, 69-2, and 69-3). The "expert reports" Plaintiff refers to here are those of Dr. Hasbani and Dr. Bash, which the court has previously determined fail to comply with Rule 26(a)(2)(B). *See id.* at 2.

To the extent that Dr. Bash and Dr. Hasbani are eligible and in fact do testify as treating physicians, they along with the other treating physicians "may testify to opinions and determinations stemming from the treatment, such as treatment costs, 'if supported by the proper foundation[.]'" *Aszmus v. Metro-N. R.R. Co.*, No. 17-CV-2127, 2019 WL 2603532, at *7 (D. Conn. June 25, 2019) (quoting *Gibson v. CSX Transportation, Inc.*, No. 107CV156, 2008 WL 11355393, at *4 (N.D.N.Y. Nov. 3, 2008) ("[treating physician]

was not required to prepare an expert report prior to his deposition or trial, *see* Rule 26(a)(2)(B), as long as his proposed testimony concerns matters within the scope of his treatment of Plaintiff, which would include testimony about Plaintiff's future treatment and, if supported by the proper foundation, the costs of such treatment.")). The court cannot make this assessment without considering specific anticipated opinions of future medical costs in the context of the treatment Plaintiff received from each treating physician. Thus, the court denies this motion without prejudice to it being renewed at trial.

With respect to future lost wages, Plaintiff contends that he produced tax returns to Defendants and those tax returns "with accompanying testimony" can establish the reasonable certainty needed. ECF No. 71, at 4. Likewise, the "accompanying testimony" Plaintiff proposes in support of lost wages is unknown to the court. Without additional context, the court cannot determine whether this testimony will lack reasonable certainty. Thus, the court denies this motion without prejudice to it being renewed at trial.

## IV. CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

a. The court **GRANTS** Defendants' motion with respect to Dr. Bash and Dr. Hasbani. Dr. Bash and Dr. Hasbani may offer opinion testimony on diagnosis, treatment, prognosis and causation, but solely as to information acquired through observation of Plaintiff in their role as a treating physician limited to the facts in Plaintiff's course of treatment.

b. The court **GRANTS** Defendants' motion with respect Dr. Brandes. Dr. Brandes is barred from testifying as an expert witness.

c. All other motions in limine are **DENIED without prejudice** to renewal.

**IT IS SO ORDERED** at Hartford, Connecticut, this 5th day of October, 2026.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE